UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE, A MINOR, BY AND THROUGH HER PARENT AND NEXT FRIEND, K.D., <br> Plaintiff <br><br> v. <br><br> SWANSEA PUBLIC SCHOOLS <br> Defendant | C.A.. No. |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This action is brought by the Plaintiff, Jane Doe, by and through her parent and next friend, K.D.,[1] seeking an award of reasonable attorney's fees and costs from the Defendant, Swansea Public Schools, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, following a decision of the Bureau of Special Education Appeals ("BSEA") in which the Plaintiff was the prevailing party.

### JURISDICTION

2. This court has jurisdiction of this matter pursuant to 20 U.S.C. § 1415(i)(3)(A) and venue under 28 U.S.C. § 1331.

### PARTIES

3. The Plaintiff, Jane Doe, is a 14-year-old girl who resides with her parent, K.D., in Swansea Massachusetts.

4. The Defendant, Swansea Public Schools (hereinafter referred to as the "District" or "Swansea"), is a school district duly organized, established and existing under the laws of the

---

[1] The names of the minor plaintiff and her parent have been redacted pursuant to Local Rule 5.3.

Commonwealth of Massachusetts and is a public corporation with the capacity to be sued. It receives federal funds from the United States Department of Education pursuant to the IDEA, 20 U.S.C. § 1400 *et seq.*, and is required to provide a free and appropriate public education ("FAPE") to all school age children with disabilities residing in the District pursuant to the requirements of the IDEA and the Massachusetts Special Education law, G.L. c. 71B.

## FACTS

5.  As a resident of Swansea and a child with a disability within the meaning of the IDEA, Jane Doe is entitled to a free and appropriate public education ("FAPE") to be provided by Swansea.

6.  Jane Doe is diagnosed with a language-based learning disability, including dyslexia, that affects her learning in the areas of reading, writing and math. She has also been diagnosed with Attention Deficit Hyperactivity Disorder (ADHD) and executive functioning deficits, and she has a history of generalized anxiety disorder.

7.  As a result of her language-based learning disabilities, executive functioning deficits and ADHD, Jane Doe's academic performance is significantly below expectations for her age, grade and intellectual abilities.

8.  On or about January 6, 2020, when Jane Doe was in sixth grade, her special education team recognized that Swansea was unable to meet her educational needs and, accordingly, agreed to place her at the Wolf School, a private special education school approved by the Massachusetts Department of Elementary and Secondary Education ("DESE"), which is designed to provide educational services to students with Jane Doe's learning profile.

9.  Swansea continued to issue Individual Education Programs ("IEP's) that placed Jane Doe at Wolf School through June 2022 when she was in eighth grade.

10. On January 24, 2022, Swansea issued an IEP which called for continuation of Jane Doe's placement at the Wolf School only for the remainder of eighth grade, and then proposed that she return to an in-District substantially separate program (the "in-District program") for ninth grade beginning in August 2022.

11. Jane Doe's parent rejected placement in the in-District program proposed by Swansea, asserted Jane Doe's legal "stay put" right to remain in a placement that was comparable to Wolf School, and requested that Swansea send referrals to other private programs, including Landmark School.[2]

12. Swansea refused to send referral packets to private programs and maintained that the proposed in-District program would provide Jane Doe with a FAPE.

13. Based upon her belief that Swansea's proposed in-District placement denied Jane Doe of a FAPE, Jane Doe's parent retained the law firm of Sankey, Meinelt and Fisher, LLP (the "attorneys"), to request an impartial due process hearing before the Bureau of Special Education Appeals ("BSEA") pursuant to 20 U.S.C. §1415 seeking placement for Jane Doe at Landmark School for the 2022-23 school year.

14. The provisions of the IDEA, 20 U.S.C. § 1415(f)(1)(A), impose an obligation on states to conduct impartial due process hearings to hear complaints with respect to any matter relating to the identification, evaluation or educational placement of a child, or the provision of a free appropriate public education to a child. In Massachusetts, these hearings are conducted by the BSEA in accordance with rules that have been promulgated pursuant to Massachusetts law. Mass.Gen.Laws ch. 71B, § 3; 603 Mass.Code.Regs. 28.08(5)(a).

---

[2] Wolf School serves students only through eighth grade, so remaining in the Wolf School program was not an option.

3

15. A hearing request seeking Jane Doe's placement at Landmark School was filed with the BSEA by the attorneys on March 21, 2022.

16. In the hearing request, the Parent asserted that the in-District program proposed by Swansea failed to provide Jane Doe with an FAPE and requested "an order of placement at Landmark School as a residential student for the 2022-23 school year, with tuition, boarding, transportation, attorney's fees and related costs."

17. Landmark School is a DESE-approved private special education day and residential school that serves students who are diagnosed with dyslexia or other language-based learning disabilities.

18. In opposition to the hearing request, Swansea filed a response denying Jane Doe's request for placement at Landmark School and asserting that Swansea's proposed in-District program "can provide the student with the type and level of services she requires."

19. A hearing on Jane Doe's claims was held over three days on April 26, April 29 and May 9, 2022 before BSEA Hearing Officer Sara Berman.

20. Swansea did not limit its liability to pay attorney's fees by making a written offer of settlement at any time more than 10 days prior to the hearing pursuant to 20 U.S.C. § 1415(i)(3)(D)(i).

21. On June 14, 2022, Hearing Officer Berman issued a Decision which found, "Parent has met her burden to demonstrate that the IEP and placement proposed by Swansea . . . are not reasonably calculated to provide Student with FAPE in the least restrictive environment, and that this IEP and/or placement cannot be modified to provide FAPE."

22. Further, Hearing Officer Berman ruled that a residential placement at Landmark School is appropriate

23. Hearing Officer Berman issued an order that provided, "Swansea Public Schools shall place Student in an appropriate language-based program with similar peers, consistent with the terms of this Decision, that is within one hour's commuting distance from her home [and] in the event that such program is not located or created within 15 calendar days of receipt of this Decision, Swansea shall place Student residentially at the Landmark School."

24. In response to the Decision, on June 23, 2022, Swansea purportedly created a new in-District program and proposed the program for Jane Doe, asserting that the newly-created program satisfied the conditions of the Hearing Officer's order.

25. On June 24, 2022, in response to Swansea's new proposal, Parent filed a Motion for Emergency Hearing regarding Noncompliance with Hearing Decision, asserting that there was no evidence that the newly-created program satisfied the criteria set forth by the Hearing Officer.

26. On July 5, 2022, a hearing was held by Hearing Officer Berman on the Parent's motion.

27. On July 8, 2022, Hearing Officer Berman issued an Order which allowed Parent's motion, finding that the peer grouping within Swansea's newly proposed program "does not currently satisfy the requirements of the Order contained in the Decision."

28. Hearing Officer Berman stated, "the Swansea Public Schools is ORDERED, therefore, to fund Student's residential placement at the Landmark School, including tuition, room and board, transportation, and required fees, for the period covered by the IEP issued in January 2022."

29. In compliance with Hearing Officer Berman's order, Swansea is funding Jane Doe's placement and she is in attendance at Landmark School.

30. Plaintiff's counsel has presented to Defendant, through counsel, an invoice for reasonable legal fees and costs incurred to date in this matter,

31. Despite demand, Swansea has refused to reimburse the Plaintiff for attorney's fees and costs incurred for legal representation during the proceeding, frivolously and without any basis asserting that "the parent was not the prevailing party."

## CAUSE OF ACTION

32. As a direct result of litigation for which attorney's fees have accrued, Plaintiff has obtained all the relief which she requested through the BSEA process: a residential placement at the Landmark School funded by Defendant, including tuition, room and board, transportation, and required fees.

33. The BSEA Decision and Order materially changed the legal relationship between the parties and provided Plaintiff with actual relief on significant and material claims, allowing her to derive benefits which Defendant had previously denied and which Plaintiff would not have obtained but for her litigation of the issues before the BSEA.

34. The relief obtained by Plaintiff was not merely technical or "de minimus" in nature.

35. Based upon the foregoing, Plaintiff is a prevailing party in an action brought under the IDEA, 20 U.S.C. § 1415(i)(3)(B), and is entitled to an award of reasonable attorney's fees and costs against Defendant.

WHEREFORE, the Plaintiff prays for the following relief:

a) that this Court determine that the Plaintiff is the prevailing party pursuant to 20 U.S.C. § 1415(i)(3)(B);

b)  that this Court award reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B); and

c)  that this Court award interest and such other relief as it deems appropriate.

>Respectfully submitted,
>The Plaintiff,
>By her Attorneys,
>
>*Jeffrey M. Sankey*
>Jeffrey M. Sankey, BBO #551062
>Sankey, Meinelt & Fisher, LLP.
>300 North Main Street, Suite 104
>Mansfield, MA 02048
>(508) 339-9421
>jsankey@sankeylaw.com